# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                     Case No. 23-CR-190-JFH

CHRISTOPHER JOE KNIGHT,

          Defendant.

## OPINION AND ORDER

Before the Court is an opposed motion in limine ("Motion") filed by Defendant Christopher Joe Knight ("Defendant"). Dkt. No. 31. The United States of America ("Government") opposes the Motion in part. Dkt. No. 32.

## BACKGROUND

Defendant is charged with four crimes: possession with intent to distribute each methamphetamine and fentanyl, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. Dkt. No. 2. Trial is set for March 4, 2024. Dkt. No. 26.

## AUTHORITY AND ANALYSIS

### I. Rule 404(b) Evidence

Defendant first requests exclusion of evidence admissible under Federal Rule of Evidence 404(b) based on the premise that the Government has not provided the requisite notice for such evidence. Dkt. No. 31 at 2-3. The Government responds that it provided no notice because it plans no presentation of such evidence. Dkt. No. 32 at 1. Since no such evidence is anticipated, Defendant's Motion in this regard was unnecessary.[1]

---

[1] The Court notes that Defendant's Motion fails to comply with two rules meant to prevent such unnecessary filings: which require a motion state on the first page whether or not it is opposed, and Judge Heil's Chambers Rule 8(d), which discourages parties from filing a motion in limine

## II.    Jail Calls

Defendant also requests exclusion of recordings of jail calls he made while detained.  Dkt. No. 31 at 3-4.  It is unclear from the Motion whether he contends the calls relate to the charged conduct or not.  *See id.* at 3 ("Neither evidence of Mr. Knight's previous arrests nor evidence of his conversations unrelated to that arrest once in custody . . . Under Federal Rule of Evidence 401, relevant evidence is evidence that 'has any tendency to make a fact more or less probable.'" (ellipsis in original)); *id.* ("Mr. Knight's previous arrests preceded the charged conduct by at least six months and none of the conversations recorded after his current arrest discuss that conduct.").

The Government contends that the calls in question involve discussion of drug dealing. Dkt. No. 31 at 1-2.  Since Defendant is charged with possession with intent to distribute two controlled substances along with possession of a firearm in furtherance of a drug trafficking crime [Dkt. No. 2], the Government argues that the jail calls related to drug dealing are intrinsic evidence that is relevant, not unfairly prejudicial, and not subject to the requirements of Rule 404(b).  The Court agrees.

Intrinsic evidence is "directly connected to the factual circumstances of the crime and provides contextual or background information to the jury."  *United States v. Murry*, 31 F.4th 1274, 1290-91 (10th Cir. 2022) (quotations omitted).  It takes many forms, such as evidence that:

- Is "inextricably intertwined with the charged conduct;"

- Occurs "within the same time frame as the activity in the conspiracy being charged;"

- Is "a necessary preliminary to the charged [crimes];"

---

requesting an order that the parties be required to follow the Federal Rules of Evidence.  It is axiomatic that to determine whether there is opposition to relief request in any motion, counsel must confer with opposing counsel.

- Provides "direct proof of the defendant's involvement with the charged crimes;"

- Is "entirely germane background information, directly connected to the factual circumstances of the crime;" or

- Is "necessary to provide the jury with background and context of the nature of the defendant's relationship to [other actors]."

*United States v. Cushing*, 10 F.4th 1055, 1075-76 (10th Cir. 2021) (citing *United States v. Kupfer*, 797 F.3d 1233, 1238 (10th Cir. 2015)).  If the Court determines evidence is intrinsic, it must conduct a Rule 403 balancing test to ensure the evidence's probative value is not substantially outweighed by the danger of unfair prejudice, cognizant that "our law favors admission of all relevant evidence not otherwise proscribed [and] exclusion under [Rule 403] is an extraordinary remedy that should be used sparingly."  *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011) (emphasis removed).  Rule 404(b) does not apply.  *Id.*

Though both the Motion and the Government's response are scant on factual detail and the Court is working only from representations by counsel on both sides,[2] the record currently before the Court provides no basis to exclude jail calls where Defendant allegedly discusses drug distribution in a trial focused on Defendant's alleged drug distribution.  From currently known information, this evidence is inextricably intertwined with the charged conduct, provide direct proof of Defendant's involvement with the charged crimes, and provide entirely germane background information, directly connected to the factual circumstances of the crimes.[3]

---

[2]  "[I]t is well established that statements, arguments, and questions by lawyers are not evidence." *United States v. Collins*, No. 23-CR-114-JFH, 2023 WL 6621580, at *8 (E.D. Okla. Oct. 11, 2023) (citing *United States v. Fleming*, 667 F.3d 1098, 1106 (10th Cir. 2011)).

[3]  Even if Rule 404(b) and its notice requirements did apply, the evidence would likely be admissible as demonstrating motive, plan, and intent.  That said, since the Government did not timely file a Rule 404(b) notice on the requisite deadline and since the Court has determined the evidence to be intrinsic, the Court does not perform a full 404(b) analysis.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion in limine [Dkt. No. 31] is DENIED.

DATED this 8th of February 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE